In the Matter of BERNARD ALDERMAN, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 4, 1981

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Edward H. Albert* of counsel), for petitioner.

*Nathan R. Sobel* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on April 22, 1942. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm in part and disaffirm in part the Referee's report and the respondent cross-moves to confirm said report.

The respondent was charged with three specifications of misconduct. The first charge pertained to the respondent's representation of a client in a criminal matter. It was alleged that the respondent, who had been retained, attempted to suborn the perjurious testimony of his client by suggest-

ing that the client deny knowledge that the car he received was stolen; that the client alter his statements relating to the money paid for the stolen vehicle; and that the client also alter his statements concerning the purpose of the transaction relating to said stolen automobile.

The Referee failed to sustain these allegations. After reviewing all of the evidence we do not agree with the conclusion reached by the Referee concerning this first charge and we find the respondent guilty of the alleged misconduct.

The Referee sustained the second charge of misconduct which alleged that the respondent had been convicted of perjury in the third degree, a class A misdemeanor. After reviewing all of the evidence regarding this charge we are in agreement with the sustaining of this charge. Based upon all of the evidence we are also in agreement with the Referee's finding that the third charge of misconduct was not sustained.

We therefore find the respondent guilty of the two charges of professional misconduct enumerated above. The petitioner's motion and respondent's cross motion are granted only to the extent we have indicated, and are otherwise denied.

In determining an appropriate measure of discipline, we have taken into consideration the respondent's previously unblemished record. Accordingly, the respondent should be, and he hereby is, suspended from the practice of law for a period of one year, effective June 1, 1981, and until the further order of this court.

HOPKINS, J. P., DAMIANI, LAZER, GIBBONS and RABIN, JJ., concur.